## ARTHUR v. FUNK.

1. **Costs: UPON SET-OFF.** While section 3451 of the Revision of 1860 has reference primarily to cases where the petition embraces several causes of action, or where there are several issues joined upon the matters therein alleged, it may still include a case where the plaintiff recovers upon his demand, and the defendant, in whole or in part, upon his set-off, counter claim or cross demand.

2. —— **REFUSAL TO AWARD.** The action of the District Court in overruling a motion of defendant to tax, in his favor, the costs accrued in support of his cross action, only a small portion of which was allowed, will be presumed to have been based on good and sufficient reasons, unless the contrary affirmatively appear from the facts and circumstances attending the trial.

*Appeal from Johnson District Court.*

SATURDAY, JUNE 8.

PLAINTIFF brought her action before a justice of the peace, claiming $85 as balance due on a lease, and for damages for storing grain in the house. Defendant appeared and claimed $90 damages for removing fences, whereby crop was injured, and $10 for taking down stable and shed, all of which plaintiff denied. Plaintiff recovered $63.55, and defendant appealed to the District Court. In that court the jury found due plaintiff for rent, with interest, $65.75, and $12 in favor of defendant on his claim, leaving a balance of $53.75, for which plaintiff had judgment. Defendant then moved to tax the costs which accrued in support of his cross claim against plaintiff, which was overruled, and to test the correctness of this ruling he prosecutes this appeal.

*W. E. Miller* for the appellant.

*Clark & Haddock* for the appellee.

Arthur v. Funk.

WRIGHT, J.—The statute provides that when there are several causes of action embraced in the same petition, or

1. COSTS: upon set-off.

several issues, the plaintiff shall recover costs on the issues determined in his favor, and the defendant shall recover costs upon the issues determined in his favor (§ 3451); and it is under this section that appellant claims that the court erred in not awarding the costs incurred in support of his cross claim against plaintiff.

We agree with appellee that this section has reference primarily to a case where the petition embraces several causes of action, or where there are several issues joined upon the matters therein alleged, or the new matter contained in the answer.

And yet, it may very consistently and reasonably include a case where the plaintiff recovers upon his demand, and the defendant, in whole or in part, upon his set-off, counter claim or cross demand.

In all such cases, however, the better and safer rule is, that we should be advised of the facts, of the circum-

2. —— refusal to award.

stances attending the trial, when called upon to review the action of the District Court in awarding or refusing costs. This statute is to be construed remedially. The District Court must constantly keep in view what the very justice and right of the case demand; and in the exercise of a sound descretion apply the proper remedy. § 3465. Thus, while it is declared that the successful party shall recover his costs; it is also provided that, if he is successful as to a part of his demand and fails as to a part, the court may make, in rendering judgment, an equitable apportionment of costs (§ 3449), and this course well and consistently applies where a defendant recovers as to part of his counter claim or cross demand.

Guided by these views and provisions, we could not

interfere with this ruling. It will be remembered that plaintiff, before the justice and in the District Court, recovered the larger portion of the demand made in her petition. Defendant, on the other hand, claimed ninety dollars and recovered twelve, thereby showing that seven-eights of his demand was unfounded and probably unconscionable. What were the facts we have no means of knowing. Whether defendant used any other witnesses than those necessary to rebut plaintiff's case; whether he made costs unnecessarily in establishing his claim; what amount of costs he loses or may have to pay by the order as it now stands, does not appear. All these matters were apparent to the court below, and, for what we must suppose were good and sufficient reasons, the motion was overruled.

Thus, it may have appeared that no additional costs were made, or, if any, that they were made in a spirit of injustice and with the view of harrassing and oppressing plaintiff; and, if so, we are not prepared to say that appellant should complain, and especially so as, under section 3935 of the Revision, he had a clear remedy for avoiding, at least, the costs of appeal.

Affirmed.