## THE STATE v. HARRIS.

Intoxicating liquor: EVIDENCE. In a prosecution for nuisance under section 1564 of the Revision, it is not sufficient to merely show that the defendant established, continued, or used, a building or place for the purpose and with the intent of owning, keeping or selling intoxicating liquor therein. It must be shown either that he had actually sold liquors at the place named, or kept them there for that purpose. Following *The State* v. *Hass*, 22 Iowa, 193.

*Appeal from Polk District Court.*

SATURDAY, JUNE 26.

.LIQUOR ACT: NUISANCE: INSTRUCTIONS, ETC. Indictment under section 1564 of the Revision.

The indictment alleges that the defendant on, etc., at, etc., did establish, continue and use a certain building in the city of Des Moines, in said county, for the purpose and with the intent of owning and keeping for sale therein intoxicating liquors, viz.: whisky, brandy and rum, and *did then and there sell the same contrary, etc.*

Verdict of guilty, and judgment that the defendant pay a fine of $500, etc. Defendant appeals.

*J. M. Elwood* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

DILLON, Ch. J. — The court gave an instruction to the jury in this language:

"If you find that the defendant, during said time (named in the indictment), erected, established, continued or used a building or place in the city of Des Moines, Polk county, Iowa, for the purpose and with the intent of owning, keeping or selling intoxicating liquors therein, within the State of Iowa, contrary to law, he would be guilty as charged."

Defendant excepted, and assigns the giving of this instruction as error.

By comparing the instruction with the indictment, it will be obvious that the defendant might be guilty of all the acts supposed in the instruction without being guilty as charged in the indictment.

Under the instruction the defendant would be guilty, although the building or place referred to never contained any intoxicating liquors, although the defendant never manufactured or sold, or owned or kept for sale therein any intoxicating liquors.

The instruction tells the jury that if the defendant established a building, or place for the purpose of owning,

keeping or selling intoxicating liquors therein contrary to law, he is guilty as charged in the indictment. This is not so. The instruction makes punishable an unexecuted intention or an incomplete act. To establish a building for the purpose of keeping or selling liquor therein, if none be kept or sold there, is not within the statute.

If such a building is established for this purpose, and the purpose is not carried into effect, that is no violation of section 1564, upon which the indictment is framed. If the building be established for this purpose, and liquor be unlawfully manufactured therein, or be unlawfully sold therein, or owned or kept therein with intent to sell the same in this State, contrary to law, the offense created by section 1564 is made out, but the presence or existence of the liquor in the building is essential to the constitution of the offense of nuisance as defined in the section just named. In point, *The State* v. *Hass*, 22 Iowa, 193.

For this error the judgment of the court must be reversed and the cause remanded for a new trial.

Reversed.

Per CURIAM. — For the same reasons the judgment in the case of *The State* v. *Britton*, submitted at the same time, from the Polk District Court, is reversed, and the cause remanded for a new trial.