## HATCH v. JUDD.

1. **Practice:** MISTAKE AS TO FORUM. The right to have corrected, or to object upon the ground of, a mistake in the selection of the forum as where a proceeding which should have been at law is commenced in equity, is waived by going to trial without objection.

2. **Costs:** DISCRETION. A plaintiff who recovers in his action is not, as a matter of law, entitled to full costs. There may be circumstances justifying an equitable apportionment thereof by the court.

*Appeal from General Term, Ninth District (Black Hawk County).*

TUESDAY, JUNE 14.

IN EQUITY.—These parties were blacksmiths and were partners, under certain written terms, from October, 1862, until the same month, 1863. They then entered into a new agreement, continued thereunder for a few days, when they dissolved, plaintiff taking an assignment of all accounts, for a consideration then and afterward to be paid defendant. There was no other settlement of their affairs, and plaintiff claims that certain demands, appearing to be due the firm by the books, had been collected by the defendant and not accounted for ; that he has paid of the outstanding debts of the firm a large amount ; that he has also paid, at defendant's request, certain of his individual debts ; has expended money in the improvement of certain real property owned jointly by them ; that defendant was owing the firm and the firm owing plaintiff, etc. ; and asks that an account be taken, etc. The answer admits the formation and existence of the partnership, but is substantially in denial of the several demands and items relied upon by plaintiff. It is also averred that plaintiff, by the terms of the dissolution, was to settle all patnership liabilities, and that plaintiff is

indebted to defendant upon certain cross demands, in the answer particularly specified.

The cause was referred, and in December, 1866, the referee, after examining the case twenty days, reported in favor of plaintiff in the sum of $277.42. For some reason, not apparent of record, the cause was again referred to a new referee, who, in November, 1868, after four days' examination, reported in plaintiff's favor in the sum of $310.25, being, as will be seen, just about the amount originally found, with the added interest.

In January, 1869, this last report was modified by the district court, and a judgment entered for plaintiff in the sum of $246.07, he being required to pay one-half the costs. Defendant moved to vacate this order and to transfer the cause to the law docket, because from the evidence and the facts found there was nothing of which equity could take jurisdiction. This motion was overruled, and the cause in all respects being affirmed in the general term, defendant appeals to this court.

*Bois, Allen & Couch* for the appellant.

*George Ordway* for the appellee.

WRIGHT, J.—I. This case is one purely of facts, so far as concerns the merits. It is very difficult to tell upon what basis either the referees or the court proceeded in determining the amount to which plaintiff was entitled. We conclude, however, that the referees took substanially the same view of the testimony (for it was the same in both instances), and of the claims urged by the respective parties. In the district court we infer (and it must be confessed it is mere inference), that the balance due plaintiff upon the respective accounts of the parties with the firm, so far as appeared from the books at the time of the assignment, was excluded, and in other respects

Hatch v. Judd.

the findings were in substantial accord with those of the referees. If this be so, we think the order to this extent was correct, for, as the court below found, it is not reasonable nor probable that defendant was to account to plaintiff for any amount which the books showed that he had overdrawn. The very terms and circumstances of the sale would seem to forbid this conclusion. But whether the court proceeded upon this or some other view of the case, in reducing the amount found by the referee, we are still of the opinion that the judgment is fully as much as plaintiff is entitled to under the proof. And yet we cannot say that it is too much. Finding, as the referees and district court did (and in this we concur), against defendant, upon his main position that plaintiff was to pay the partnership debts, the judgment is fairly warranted by the evidence. The accounts were very loosely kept, the testimony very conflicting, greatly wanting in definiteness and perspicuity, and after giving it the most careful examination, we are led to believe that the result reached is as nearly correct as could ever be expected from such a record, while courts are finite and parties disagree.

II. There was no error in overruling defendant's motion to vacate the judgment. A very large part of the matter upon which plaintiff sought to recover was peculiarly of equitable cognizance. It related to the settlement of partnership and mutual long accounts. Of course we need not say that chancery has jurisdiction of such matters. If, as to any part or count of the petition, matter was set up which might have been heard at law, defendant could, by motion at the time of *filing his answer*, have had the same changed into ordinary proceedings. Rev. § 2615. He could not, however, treat and try the case throughout as properly pending in equity, and then *after judgment* move to vacate the same upon any such ground. Rev. § 2619. A.

1. PRACTICE: mistake as to forum.

VOL. XXIX.—13

mistake in the selection of the forum,, that is, whether law or equity, is waived by failure to seasonably move its correction. *Taylor* v. *Adair*, 22 Iowa, 279 ; *Conyngham* v. *Smith*, 16 id. 473 ; *Savery* v. *Browning*, 18 id. 251 ; *Byers* v. *Rodabaugh*, 17 id. 53.

III. Plaintiff objects that he was erroneously required to pay half of the costs. Upon this part of the judg-

2. COSTS : discretion.

ment we confess to some doubt. Remembering, however, that plaintiff failed as to part of his demand, that the costs were increased by this method of trial, as compared with a trial at law, where a part of them might have been adjusted, and that this matter of costs rests very largely in the sound discretion of the district court, we have concluded to leave the judgment in this respect, as in all others, undisturbed. It is one of those cases where the court was justified in making an equitable apportionment of the costs. The plaintiff was not entitled, as a matter of course and of law, to full costs. Rev. § 3449. *Arthur* v. *Funk*, 22 Iowa, 238 ; *Whitney* v. *Hackney*, 20 id. 460.

Affirmed.