ARFIRMED.

## THE STATE v. DEAN AND NEALY.

1. **Criminal Law**: INDICTMENT: INTOXICATING LIQUORS. An indictment which charged the defendant with keeping and controlling a building where intoxicating liquors were sold in violation of the statute, and where "gambling, fighting, drunkenness and breaches of the peace" were permitted by him, was *held* not vulnerable to the objection that it charged two distinct offenses.

*Appeal from Clarke District Court.*

TUESDAY, DECEMBER 5.

AN indictment was presented against the defendants as follows: "The grand jury of the county of Clarke, in the name and by the authority of the State of Iowa, accuse Dick Dean and John Nealy of the crime of keeping a nuisance, committed as follows: The said Dick Dean and John Nealy, on the 14th day of January, in the year of our Lord 1875, in the county aforesaid, did unlawfully keep, own, control, continue, establish and manage a building for the purpose and intent of keeping and selling therein, in the State of Iowa, intoxicating liquors in violation of law, and at said time and place,

and in said building, the said defendants did keep and sell, in the State of Iowa, intoxicating liquors in violation of law; and at said time and place, and in said building, the said defendant did allow and permit gambling, fighting, drunkenness and breaches of the peace; and the same were carried on by and with the consent of the defendants, contrary to the statute in such cases."

The defendants demurred to the indictment upon the following grounds:

1. Said indictment charges defendants with several distinct offenses in one count, and is bad for duplicity.

2. Said indictment charges defendants with a violation of the liquor laws of Iowa, and in the same count charges them with permitting and allowing gambling and other distinct offenses.

The court sustained this demurrer, and entered a judgment discharging the defendants. The State appeals.

*M. E. Cutts*, Attorney General, and *Smith McPherson*, District Attorney, for appellant.

No appearance for appellee.

DAY, J. — We think the court erred in sustaining the demurrer. The defendants are accused of the crime of keeping a nuisance. This is the offense charged, and as to that the indictment is direct and certain as required by section 4298. What follows relates to the particular circumstances of the offense charged. The defendants committed the crime of nuisance by continuing and controlling a building for the purpose of selling intoxicating liquors therein in violation of law, and by selling in said building intoxicating liquors in violation of law, and permitting gambling, fighting, drunkenness, and breaches of the peace therein contrary to law. Any one of these acts may constitute a nuisance; but the three, taken together, can do no more. It is as though a party should inflict a mortal wound with a pistol,

1. CRIMINAL law : indictment : intoxicating liquors.

and then another with a knife, and then should strangle his victim to death.

Section 4091 of the Code provides that gambling houses, or houses where drunkenness, gambling, fighting or breaches of the peace are carried on or permitted, to the disturbance of others, are nuisances.   Section 4092 of the Code provides that whoever is convicted of continuing a public nuisance as described in this chapter, shall be punished by a fine not exceeding one thousand dollars.

The prohibitory liquor law, section 1543, provides that whoever shall erect, establish, continue or use any building for any of the purposes prohibited in certain sections referred to shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly in the manner provided by law.   It has been held that this refers to section 4092, which is the same as section 4412 of the Revision.   *State v. McGrew*, 11 Iowa, 112.   The nuisance, therefore, whether committed by keeping a house for the unlawful sale of intoxicating liquors, or by keeping a house where drunkenness, quarreling, fighting etc. are carried on or permitted, is punished in the same manner and under the same section.

Suppose a defendant should be convicted of a nuisance because at a particular time he controlled a certain building for the purpose of selling therein intoxicating liquors in violation of law: could he afterward be made amenable to the law for keeping a nuisance at the same time, in the same building, by permitting drunkenness, quarreling, etc. ?   It seems to us he could not.   And yet he could if the two acts constitute wholly separate and distinct offenses.   For a conviction of one offense could not be pleaded in bar of a prosecution for an entirely different and distinct offense.

It is true the indictment does not charge that the quarreling, drunkenness, etc., were carried on or permitted *to the disturbance of others.*   The failure to employ the italicised words constitutes a failure to charge a nuisance committed in the particular manner referred to in section 4091.   But this does not render the indictment vulnerable to a demurrer on the ground of duplicity.   It is quite apparent that it was not the

purpose of the indictment to charge the distinct offense of keeping a house resorted to for the purpose of gambling, as prohibited in section 4026.

REVERSED.