THE COUNTY OF FLOYD v. THE COUNTY OF CERRO GORDO.

1. **Jurisdiction**: CRIME COMMITTED WITHIN FIVE HUNDRED YARDS: COSTS. Where a county takes jurisdiction of a public offense committed in another county, within five hundred yards of its boundary, and incurs an expenditure of money in the prosecution of the offender, it is not entitled to recover the money thus expended from the county within whose limits the offense is committed.

2. ———: ———: ———. Section 3841 of the Code does not apply to such cases, but is limited to those in which jurisdiction is thrust upon the county without any act of its own, by change of venue or otherwise.

· *Appeal from Cerro Gordo District Court.*

SATURDAY, OCTOBER 20.

THE facts are stated in the opinion.

*Goodykoontz & Wilber*, for appellant.

No appearance for appellee.

SEEVERS, ·J. A supposed murder was committed in Cerro Gordo County, but within five hundred yards of the western boundary of Floyd County. The authorities of the latter took jurisdiction of the case, and the supposed murderer was indicted and tried therein. A large amount of costs and expenses were incurred, which were paid by the plaintiff, and this action is brought to recover the same from the defendant. The district court rendered judgment for the plaintiff. The statute provides: "When a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county." Code, § 4160. Under this statute the plaintiff assumed jurisdiction, and took charge of the prosecution. Such jurisdiction must be conferred for all purposes. There is no statute limiting it in any respect. For all purposes connected with the prosecution, the strip of territory within defendant, but also within five hundred yards of the boundary of the plaintiff, is as much a part

of the latter as any other portion of the territory embraced therein. The costs were incurred legitimately and for a proper purpose by the plaintiff, without any request on the part of the defendant. In one sense the plaintiff was a mere volunteer. The commendable activity of the officers of the plaintiff caused the prosecution, and the costs followed, and were paid as a matter of course.

If the defendant had taken cognizance of this crime and incurred costs, there is no doubt she would have been liable to pay them. But the thought is worthy of consideration, that the officers of defendant may have honestly believed no crime had been committed. If this be true, should defendant be compelled to pay costs incurred through, perhaps, the excessive zeal of others? It is barely possible, at least, no indictment would have been found in Cerro Gordo county.

These considerations (many others might be given) give rise to the thought that defendant cannot be held liable for these costs unless there is a statute so providing.

The only provision on this subject to which our attention has been directed is: "Where costs are paid by a county other than the one where the offense was committed, the amount of such costs shall be deemed a charge in favor of such county and against the one in which the offense was committed, and may be recovered by an action in any court having jurisdiction." Code, § 3841. This statute applies to changes of venue, and, without much doubt, in cases of preliminary examination, where a party is arrested in a county distant from where the crime was committed, a hearing had, and the case transferred to the proper county.

The statute covers and is intended to apply to a county "where" and "in which" the courts holden in such county have exclusive jurisdiction over the territory in which the crime was committed. But it does not apply to or embrace costs incurred and paid in cases by a county in prosecutions for crimes which were committed in territory over which the county making the payment has jurisdiction.

In one class of cases the county, through the voluntary action of its officers, assumes jurisdiction under the statute,

and proceeds to try and determine the guilt of the party charged, and in the other jurisdiction is thrust on such county by law.

REVERSED.