### WEAVER v. KINTZLEY.

1. **Fraudulent Sale: PLEADING: PRACTICE.** Where, as the pleadings stood at the commencement of the trial, the plaintiff sought to recover for fraudulently seizing a stock of goods and selling the same under the provisions of a chattel mortgage, and an amendment was filed during the trial averring specific acts of fraud in the sale, a motion to strike the amendment, for the reason that it set up matters of equitable cognizance, was properly overruled.

2. **Practice in the Supreme Court: ABSTRACT.** Where the appellant's abstract asserts that it is an abstract of all the evidence, an objection thereto, taken in appellee's argument, will not be considered.

*Appeal from Boone District Court.*

FRIDAY, APRIL 21.

THE petition sets forth, in substance, that the plaintiff purchased a stock of drugs of the defendant, and executed to him a chattel mortgage thereon for a balance of $750 of the purchase-money, which became due in installments; that being unable to pay the said installments as they became due, the defendant, by the sheriff of the county, took possession of said goods, and that afterwards, the defendant fraudulently,

and with intent to deprive plaintiff thereof, converted the same to his own use by selling them to certain parties; that the said goods, at the time they were so fraudulently converted, were of the value of $2,500. Judgment was demanded for the damages sustained.

The defendant answered by setting up the mortgage, and averring a sale under the same, and in strict accord therewith, and denying all fraud.

The plaintiff replied by admitting that a sale was had, but averring that the same was fraudulent, because the notice therefor was insufficient, and because the defendant did all in his power to keep said sale a secret, and for other reasons not necessary to state.

A jury was empaneled, and upon the second day of the trial, the plaintiff amended her petition by setting up, among other things, substantially the same averments, as to fraudulent acts attending the sale, as were pleaded in the reply. There were also other allegations of fraud in the amendment. Thereupon the defendant made a motion to strike out the amendment for the reason "that plaintiff cannot base his action at law upon an illegal or voidable sale; that the matter stated is matter in equity for avoiding the sale and cannot be heard at law in the present action." The motion was overruled. There was a verdict and judgment for the plaintiff, and defendant appeals.

*Kidder & Crooks*, for appellant.

*Green & Mitchell*, for appellee.

ROTHROCK, J.—I. Counsel for appellant say that "this case presents the question, whether, when a sale of chattels

1. FRAUDU-
LENT sale:
pleading:
practice.

has been made under the power contained in a mortgage, the mortgagors can go into a court of law and have a jury determine the question of the irregularities in the sale, and give their verdict for the excess of the value over the debt."

Whether this can be done, or not, is probably dependent somewhat upon the facts, as to the condition of the property when the action is commenced. If it be in the hands of an innocent purchaser, so that an equitable action to set aside the sale could result in no relief, excepting a judgment against the mortgagee for the damages sustained, it would seem that an action at law would be the proper remedy. However that may be, we think the motion to strike out the amendment to the petition filed during the trial was properly overruled.

By section 2514 of the Code it is provided that an error of the plaintiff, as to the kind of proceedings adopted, shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer of the action to the proper docket.

Section 2516 is as follows: "The defendant may have the correction made by motion, at or before the filing of his answer, when it appears, by the provisions of this Code, the wrong proceedings have been adopted."

The objection to the form of the action is waived by going to trial without making the objection. *Hatch v. Judd*, 29 Iowa, 95; *Taylor v. Adair*, 22 Id., 279; *Byers v. Rodabaugh*, 17 Id., 53. But it is claimed that the motion in this case could not have been made before the trial, because the amendment to the petition was filed pending the trial. The ready answer to this position is, that the amendment in no manner changed the issue. As the petition, answer and reply, stood at the commencement of the trial, the plaintiff sought to recover for fraudulently seizing the goods and selling them under the provisions of the chattel mortgage. It may further be said that the motion to strike out was properly overruled, on the ground that the amendment was permissible, and if it changed the issue to an equitable one, the motion should have been to transfer the cause to the equity side of the court. What has been said above applies with equal force to the motion made to take the cause from the

jury. It was made after the argument to the jury was commenced, and came too late.

II. Some objection is made to the instructions given by the court to the jury, but no specific instruction is pointed out in argument as erroneous. Our examination of them leads us to the conclusion that there is no error in them.

III. It is urged that the court erred in its rulings upon the admission, and upon the exclusion of evidence. The assignments of error in no manner point out the errors complained of in this regard. An examination of the errors claimed in argument, shows that, even if error had been specifically assigned, the assignments would not be well taken.

IV. The appellee has been prolific with motions to affirm, and to dismiss the appeal, etc., and has favored us with an

2. PRACTICE in the supreme court: abstract.

elaborate printed argument on his motions, but has given very little attention to the merits of the case. He has, for example, referred us to the transcript, in proof of his assertion, that appellant's abstract is not an abstract of all the evidence. He does this, in the face of the assertion in the abstract that it contains all the evidence. We cannot, under our rules in such cases, examine the transcript. These motions are all overruled, and we have determined the case on its merits, believing that substantial justice has thereby been done. The costs of the motions, and the costs of the arguments thereon, will be taxed to appellee.

AFFIRMED.