74   237<br>79   50<br>74   237<br>130   378

## THE STATE v. TIERNEY.

**Intoxicating Liquors :** NUISANCE : INDICTMENT : EVIDENCE. The indictment charged the keeping of a building with the intent to sell therein, contrary to law, intoxicating liquors, and also charged actual sales therein, but not an unlawful keeping for sale. It was shown that intoxicating liquors were kept on the premises, but no sales were proved. *Held* that the evidence of keeping was improperly admitted, because there was no allegation as to that; and that, as no sales were proved, defendant could not lawfully be convicted, because there remained nothing but the keeping of the building with an unlawful, but unexecuted, intention, which is not a punishable crime. ( Compare *State v. Harris*, 27 Iowa, 430.)

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

FILED, MARCH 12, 1888.

INDICTMENT for crime of nuisance. Verdict of guilty, and judgment against defendant for fine and costs. He appeals.

*Sheean & McCarn* and *J. G. McConahy*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J. — The indictment charges that defendant "did keep, use and occupy a certain building, commonly called a saloon, with intent to sell therein, contrary to law, intoxicating liquors, to-wit, whisky, beer, and other intoxicating liquors, the names of which are to the grand jury unknown, and then and there did sell the same, contrary to law." It is shown that intoxicating liquors were found on the premises, but no sales were proven. It is insisted by appellant that the crime with which he is charged is that of keeping, using and occupying a building, and in selling therein intoxicating liquors, contrary to law, and that, since no sales were shown, his conviction was illegal. It is not a crime under the statute to keep a building with intent to sell intoxicating liquors therein contrary to law. If the liquors are not manufactured or sold, they must be kept on the premises, to constitute the offense of nuisance under the statute, and this fact must be alleged in the indictment. *State v. Hass*, 22 Iowa, 193. In this case, the indictment does not charge the keeping for sale, but the selling, of intoxicating liquors. The crime in each case is the same, but the particular circumstances necessary to constitute a complete offense are different; hence they must be charged in the indictment with directness and certainty. Code, sec. 4298. It follows that if not so charged they cannot be proven. In *State v. Harris*, 27 Iowa, 430, an indictment substantially like the one in controversy was considered, and this court condemned an instruction which charged, in effect, that the crime alleged would be established by proving the keeping of the building with the intent of

owning, keeping and selling therein intoxicating liquors, contrary to law, on the ground that it made punishable an unexecuted intention or an incomplete act. The cases we have cited seem to us decisive of the questions involved in this appeal. The case is, therefore,

REVERSED.