87  723
95  656

THE STATE OF IOWA, Appellee, v. JOHN NIERS, JR.,
Appellant; SAME V. JOHN F. SEARY, Appellant;
SAME V. THOMAS DURKIN, Appellant; SAME V. JOHN
SMITH, Appellant; and SAME V. CHARLES MILLER,
Appellant.

1. Indictment: OFFENSE COMMITTED ON BOUNDARY LINE BETWEEN
   COUNTIES: SUFFICIENCY. An indictment for an offense committed
   within five hundred yards of the boundary line between two counties,
   which, under section 4160 of the Code, is triable in either, need not
   allege that no prosecution for such offense has been commenced in
   the county other than that in which the indictment is found.

2. ———: LIQUOR NUISANCE: DUPLICITY. An indictment charging one with
   using a building for the purpose of selling intoxicating liquors
   therein contrary to law, and for the purpose of owning and keeping
   intoxicating liquors therein with the intent to unlawfully sell the
   same, and with selling intoxicating liquors therein contrary to law,
   is not bad for duplicity, as the several acts charged are simply differ-
   ent ways of committing the crime of nuisance.

*Appeal from Jones District Court.*—HON. J. H. PRES-
TON, Judge.

WEDNESDAY, MAY 10, 1893.

THE defendants were indicted for a nuisance.
They demurred to the indictment, and the demurrer
was overruled. They stood on their demurrer, and,
refusing to plead further, sentence was imposed. The
defendants appeal.—*Affirmed.*

*J. W. Jamison,* for appellants.

*John Y. Stone,* Attorney General, and *Thos. A.
Cheshire,* for the State.

KINNE, J.—The record in these five cases is the
same, and they were all submitted at the same time,
with the agreement that one opinion should be decis-
ive of all of them. The defendants were indicted for

the crime of nuisance. The material part of the indictment is as follows:

"The said John Niers, on the fifth day of October, 1891, in the county of Dubuque, but within five hundred yards of the boundary line between Dubuque and Jones counties, Iowa, in the county aforesaid, and on divers other days and times between the fifth day of October, 1891, and the finding of this indictment, in said county of Dubuque, did erect, establish, continue, and use a building, erection, and place, with intent and for the purpose then and therein to sell intoxicating liquor contrary to law, and with intent and for the purpose there and therein to own, keep, and be concerned, engaged, and employed in owning and keeping intoxicating liquors, to wit, whisky, wine, ale, and beer, and other intoxicating liquors, with intent to unlawfully sell the same within the state of Iowa, aforesaid and did then and there and therein sell intoxicating liquors contrary to law, and did then and there and therein own and keep, and was then and there and therein concerned and engaged and employed in owning and keeping, intoxicating liquors, with intent unlawfully to sell the same within said state, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Iowa."

The defendant demurred to this indictment. His demurrer was overruled, and, he refusing to plead further, and standing on his demurrer, sentence was imposed. The defendant excepted, and appeals from the order of the court overruling his demurrer, and from the entry of judgment.

I. From the assignment of error and argument it appears that two objections were made by the oral

1. INDICTMENT: offense committed on boundary line between counties: sufficiency.

demurrer to the indictment: *First*, that the indictment did not show that the district court of Jones county had jurisdiction of the offense charged; *second*, that

the indictment did not sufficiently charge the crime of nuisance. We will consider these assignments of error in the order stated.

The indictment is based upon section 4160 of our Code, which provides: "When a public offense is committed on the boundary line of two or more counties, or within five hundred yards thereof, the jurisdiction is within either county." The defendant contends, as either county had jurisdiction of the offense, it was incumbent on the state to aver in the indictment found in Jones county that no prosecution of the accused for the crime charged had then been instituted in Dubuque county. We do not think such an averment is necessary. The jurisdiction given by the statute being concurrent, it was the right of the state to indict and prosecute in either county. The case, so far as jurisdiction to indict is concerned, is the same as if the crime was alleged to have been committed within the limits of the county wherein the indictment is found. The law in fact makes a crime committed within the limits prescribed by this statute, so far as the state is concerned, an offense committed within the county where the indictment is found. The fact that it might be pleaded as a defense that prior to the finding of the indictment the defendant had been indicted, acquitted, or convicted of the same offense in the other county having jurisdiction, is no reason why such facts, or any of them, should be alleged in the indictment. They are purely matters of defense. Code, section 4164.

The appellant refers to *County of Floyd v. County of Cerro Gordo*, 47 Iowa, 186, in support of his contention. That was a case where a murder had been committed in Cerro Gordo county, and within five hundred yards of the boundary of Floyd county. An indictment was found in the latter county, and the case tried there, where a large amount of costs and expenses were

incurred, which Floyd county paid. An action was then brought against Cerro Gordo county to recover the sums so paid. The district court rendered a judgment for the plaintiff which was reversed on appeal. In the opinion it is said: "Such jurisdiction must be conferred for all purposes. There is no statute limiting it in any respect. For all purposes connected with the prosecution, the strip of territory within the defendant, but also within five hundred yards of the boundary of the plaintiff, is as much a part of the latter as any other portion of the territory embraced therein." The case does not support the appellant's claim. The indictment was sufficient in this respect.

II. Is the indictment bad for duplicity? To constitute a nuisance there must be a selling, or a keeping with intent to sell, intoxicating liquors, in a building or place, in violation of law. Code, section 1543; *State v. Harris*, 64 Iowa, 287; *State v. Howorth*, 70 Iowa, 157; *State v. Hass*, 22 Iowa, 193; *State v. Harris*, 27 Iowa, 429. A careful reading of the indictment shows that nothing but the crime of nuisance is charged therein. There is no separate charge of owning and keeping intoxicating liquors with intent to sell it in the state contrary to law, or a sale of it without regard to the building or place where sold or kept for sale. The latter part of the indictment, it seems to us, clearly refers to an owning, sale, and keeping for sale in the building or place referred to. The crime is sufficiently charged if the indictment states that intoxicating liquors were sold in a building or place in the county, in violation of law; and so it would be if it averred that such liquors were kept in a building or place in the county with intent to sell the same in violation of law. Now, it has always been held permissible in the indictment to charge that the crime was committed in either or both of the ways mentioned. *State v. Becker*, 20 Iowa, 438; *State v.*

2. ——: liquor nuisance: duplicity.

*Baughman, Id.* 498; *State v. Dean,* 44 Iowa, 648; *State v. Spubreck, Id.* 667; *State v. Winebrenner,* 67 Iowa, 230; *State v. Paul,* 81 Iowa, 596. The indictment in the case at bar does no more than to charge that the crime was committed in both ways. Either act would constitute the crime of nuisance, and to charge both is · only charging one and the same crime.

The indictment is unobjectionable, and the judgment below must be AFFIRMED.