## STATE OF IOWA V. JOHN F. SEERY, Appellant.

**Resisting Officer.** Evidence that when arrest was attempted, defendant drew a revolver and said he would shoot the officer before he would go with him, sufficiently shows actual resistance.

**SENTENCE.** The maximum penalty being one thousand dollars, a fine of five hundred dollars is not excessive under such circumstances.

**Deputizing Constable.** Code, 4160, provides that when an offense is committed outside, but within five hundred yards of the boundary line, of a county, there is jurisdiction in that county. *Held*, one who is deputized by a justice to make an arrest within said five hundred yard strip has therein the same powers that he has in his own county.

**Surprise.** It is proper to deny a continuance, after trial for resisting an officer has begun, which is asked because defendant did not expect proof that the officer's authority was indorsed on the warrant. Proof of the officer's authority should naturally have been anticipated.

**JUDICIAL NOTICE.** And the court was authorized to take judicial notice of the fact that witnesses by whom defendant desired to meet the alleged unexpected proof so resided that their attendance could be procured in time without the granting of a continuance.

**Harmless Error.** It is of no consequence that an officer's return is allowed in evidence where its statements are shown by other evidence and not disputed; aad such warrant, with such return is proper evidence.

**Objection Below.** Objections to evidence not raised below, will not be considered on appeal.

**Amendment to Abstract.** Where appellee's amended abstract is not denied and the original abstract not reaffimed, the amendment will be deemed correct, and the transcript will not be resorted to.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, OCTOBER 12, 1895.

The defendant was indicted for the crime of resisting an officer. He was convicted, and sentenced to pay a fine, and appeals.—*Affirmed.*

*Jamison & Burr* for appellant.

*Milton Remley*, attorney general, and *E. H. Hicks*, county attorney, for the state.

Kinne, J.—I.   This record discloses the following facts:   Z. W. Montague, a justice of the peace of Jones county, upon an information filed charging defendant with the commission of a crime in Dubuque county, Iowa, and within five hundred yards of the boundary of Jones county, Iowa, did, on July 31, 1893, issue a warrant for the defendant's arrest, and placed the same in the hands of one L. W. Tiede, who was deputized as a special constable to execute said warrant. Said Tiede went to defendant's place of business in Cascade, Dubuque county, Iowa, and within five hundred yards of the boundary line of Jones county, Iowa, and attempted to arrest the defendant on said warrant.   He read the warrant to the defendant, and attempted to effect his arrest, when defendant drew a revolver, and threatened to shoot him, whereupon Tiede, being unarmed, did not succeed in effecting the removal of the defendant to Jones county, Iowa. Defendant was then indicted in Jones county, Iowa, for unlawfully resisting an officer.

II.   After the trial had progressed several hours, defendant filed an affidavit and motion for a continuance on the ground that he had had no knowledge or notice that it was claimed that the authority deputizing Tiede was on the warrant itself, and no notice that such evidence would be adduced; that it was not made before the grand jury, and he was taken by surprise; that he could prove by certain residents of Cascade, who saw the warrant, that there was nothing on it deputizing Tiede to serve it.   The motion was overruled, and this is assigned as error.   It appears that a notice was

served upon defendant that the evidence would be introduced. The notice itself is not set out in the record. Defendant must have known that it would be claimed that Tiede was authorized to act as constable in making the arrest, and, if he knew of witnesses by whom he could disprove his authority, he should have had them present. If, however, it should be conceded that defendant was surprised, there was no abuse of the discretion reposed in the court in overruling the motion. The court no doubt took judicial notice of the fact, as it was authorized to do, that the distance between Cascade, the residence of these witnesses, and Anamosa, the place where the court was sitting, was such that their attendance could have been secured during the trial. There was nothing in the affidavit showing any reason why this could not have been done after defendant found that they would be needed. In any event, there was no error in refusing the continuance.

III. Error is assigned in admitting in evidence the docket entries of the justice. It is said that they were not made at the time of the transaction. We do not find from the record that the docket or any entries therein were in fact put in evidence.

IV. It is said that the warrant and the return thereon were improperly admitted in evidence. The objection is especially made to that part of the return which shows that the officer "was unable to take him [the defendant], owing to his drawing a revolver upon me, and refusing to go." The statute (Code, section 4195) provides that when the defendant is arrested he must be taken before the magistrate, and the officer must deliver to the magistrate the warrant, with his return thereon endorsed, and subscribed by him in his

name of office.  So far as this case is concerned, it is wholly immaterial whether this return was proper to go in evidence or not.  The facts therein recited appear fully from the examination of the officer, and were fully drawn out also on his cross-examination, and his testimony was the same as the statement in the return.  There was no evidence to the contrary.  There could, then, have been no prejudice to the defendant in admitting the return.  No reason is given why the warrant was not properly received in evidence, and we can conceive of none.

V.  Appellant complains of the admission of evidence of threats made in the presence of Tiede by others than the defendant.  The record does not show that any objection was interposed to the admission of this evidence.

VI.  Appellant claims he filed a motion to direct the jury to return a verdict for him, and says it was erroneously overruled.  The amended abstract contains a denial that such a motion was filed.  The appellant's abstract is only reaffirmed in the argument.  This is not sufficient.  *Farmer v. Sasseen*, 63 Iowa, 111 (18 N. W. Rep. 714); *Weaver v. Kintzley*, 58 Iowa, 194 (12 N. W. Rep. 262); *Agency Co. v. Bush*, 84 Iowa, 286 (50 N. W. Rep. 1063).  In the absence of a denial of appellee's amended abstract or of a reaffirmation of appellant's abstract, the facts set forth in the amended abstract will be deemed true, and in such a case we will not resort to the transcript.  *White v. Savery*, 49 Iowa, 198; *Farmer v. Sasseen*, 63 Iowa, 111 (18 N. W. Rep. 714).

VII.  Appellant filed a motion in arrest of judgment, which was overruled.  One question raised by this motion is that there is no sufficient evidence of any actual resistance to the officer.  The evidence without conflict shows that defendant drew his revolver, held it up, and said he would shoot

the officer before he would go.   Surely this was all the actual resistance needed to constitute the crime.   It was an assault upon the officer, which prevented him from taking the defendant into his custody.   1 Whart. Cr. Law (9th Ed.) section 652.

VIII.   It is further contended that Tiede was not a peace officer, within the meaning of the statute, and that there is no authority of law to execute the warrant of a justice of the peace outside of the county unless the warrant is properly certified to by the clerk of the district court.   Whatever may be said as to the capacity in which Tiede acted, there can be no question that the justice had authority to deputize him to act as constable.   Nor have we any doubt that the officer had just the same power and authority to make this arrest in Dubuque county, within five hundred yards of the boundary line, as in his own county.*   A crime committed within the limits designated is, in legal effect, a crime committed in Jones county, the county of the officer's residence.   *State v. Niers*, 87 Iowa, 725 (54 N. W. Rep. 1076).   As was said in *Floyd Co. v. Cerro Gordo Co.*, 47 Iowa, 186:   "For all purposes connected with the prosecution, the strip of territory within the defendant, and also within five hundred yards of the boundary of the plaintiff, is as much a part of the latter as any other portion of the territory embraced therein."   The crime with which defendant was charged consisted in knowingly and willfully resisting "an officer of the state, or any person authorized by law," etc.   Code, section 3960.   That he was an officer of this state there can be no question.

There was no error in the giving or refusing of instructions.   Some of those asked were not warranted by the testimony in the case.   Those given fully and correctly stated the law.   Other questions touching the

*This holding is under Code, section 4160, providing that when a public offense is committed on the boundary of two counties, or within 500 yards thereof, the jurisdiction is within either county.

instructions given and refused have already been treated on in considering other alleged errors.

Lastly, it is insisted that the fine—five hundred dollars—was excessive. Under the statute the maximum fine which may be imposed in such a case is one thousand dollars. We cannot say that the fine imposed was, under the circumstances, excessive. The judgment of the district court is *affirmed*.