STATE vs. LEANDER A. WORDEN.

FEBRUARY 9, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Criminal Pleading. Nuisances. Indictments.*

Gen. Laws cap. 92, § 5, provides that "Every person who shall let any building or tenement owned by him or under his control for any of the purposes enumerated in section one of this chapter, or who shall knowingly permit any such building or tenement or part thereof to be so used while under his control, . . . shall be deemed and taken to be guilty of aiding in the maintenance of such nuisance." . . .

*Held,* that the effect of the section was, not to make the acts set forth substantive offences in themselves, but its purpose was to punish those guilty of aiding in the maintenance of active nuisances.

*Held,* further, that an indictment based upon such section must aver, in clear, direct, and not argumentative words, that the premises let were used for the illegal purpose for which they were let or that a common nuisance was maintained therein.

INDICTMENT under Gen. Laws cap. 92, § 5. Heard on demurrer to indictment, and demurrer sustained.

DUBOIS, J. This case comes upon demurrer to the three counts of an indictment, charging the defendant with aiding in the maintenance of a common nuisance in violation of the two following provisions of Gen. Laws R. I. cap. 92, § 5:

"Every person who shall let any building or tenement owned by him or under his control, for any of the purposes enumerated in section one of this chapter, or who shall knowingly permit any such building or tenement, or part thereof, to be so used while under his control, . . . . shall be deemed and taken to be guilty of aiding in the maintenance of such nuisance," etc.

The first count of the indictment in substance charges that the defendant, on the twelfth day of May, 1903, at South Kingstown, in the county of Washington, being then and there the owner of a certain building and tenement (describing it), and then and there having said building and tenement under his control, did unlawfully lease and let said building and

tenement unto one William B. Holbrook, to be used, occupied, and kept by the said William B. Holbrook for a grog shop, tippling shop, and for the illegal sale and keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, he, the said Leander A. Worden, then and there well knowing that said building and tenement was to be used, occupied, and kept by the said William B. Holbrook for the purposes aforesaid, whereby and by force of the statute in such case made and provided, the said Leander A. Worden is deemed and taken to be guilty of aiding the said William B. Holbrook in the maintenance of a common nuisance.

By the second count thereof it is charged that the defendant, being the owner of the premises described, and then and there having said building and tenement under his control, unlawfully did knowingly permit the said William B. Holbrook to use said building and tenement while said building and tenement was under his, the said Leander A. Worden's control, for a grog shop, etc., he, the said Leander A. Worden, then and there well knowing that the said William B. Holbrook was using said building for the purposes aforesaid, whereby and by force of the statute in such case made and provided, the said Leander A. Worden is deemed and taken to be guilty of aiding the said William B. Holbrook in the maintenance of a common nuisance, etc.

In the third count it is charged that the defendant, on the twelfth day of May, 1903, at South Kingstown, in the aforesaid county of Washington, being then and there the owner of a certain building and tenement therein described, and then and there having said building and tenement under his control, unlawfully did lease and let said building and tenement to one William B. Holbrook with the intent that the said William B. Holbrook should thereafterwards, during the continuance of said letting and leasing thereof, there keep and maintain the same as a grog shop, etc., and after said letting on the day and year aforesaid and thence continually until the day of the finding of the indictment the said William B. Holbrook did, with the knowledge and consent of the said Leander A.

Worden, then and there keep and maintain a common nuisance (describing it), whereby and by force of the statute in such case made and provided, the said Leander A. Worden is deemed and taken to be guilty of aiding the said William B. Holbrook in the maintenance of said nuisance, etc.

(1)   It would have been an easy matter for the legislature to have prohibited and provided for the punishment of the acts set forth in section 5 aforesaid as substantive offences if they had seen fit.   But such is not the meaning and effect of the section in question.

It is manifest that the statute does not contemplate the punishment of persons who may offer aid and assistance in the preparation or establishment of prospective nuisances, unless they become accomplished facts.   The nuisance must be maintained, that is, it must be already in operation, before another person can be deemed guilty of aiding its keeper in its maintenance.

As the purpose of the statute is to punish persons guilty of aiding in the maintenance of active nuisances, it is necessary to aver the existence of the same.   And under the well-known rule of criminal pleading the averments must be made in clear, direct, and not argumentative words.   1 Bish. Crim. Proc. 2 ed. 508.   In this respect each count of the indictment is defective.

In the first count there is no averment that the lessee of the premises let ever used them for the illegal purpose for which they were let, or that a common nuisance was maintained therein.   A person can not be guilty of aiding in the maintenance of a nuisance unless a nuisance was maintained; and no proof can be offered of the maintenance of such nuisance without an allegation that it existed.

The second count, although inferentially or argumentatively charging illegal use of the premises by permission of and with the knowledge of the defendant, does not by direct and positive averment so charge, and the count is therefore bad.

The third count, which charges a leasing or letting to Holbrook, with intent that Holbrook should thereafterwards, during the continuance of the term, there keep and maintain

the same as a grog shop, etc., does not contain an averment that the intent was ever carried into execution, but is silent upon the question, the words "during the continuance of the letting or leasing thereof," or any substantial equivalents, being omitted from the portion charging that Holbrook did, with the knowledge and consent of the defendant, keep and maintain a common nuisance there. Neither does it appear when the tenancy was to begin, or that Holbrook took possession of the premises as a tenant of the defendant within the period charged in the indictment.

In behalf of the State it is argued that the mere letting of the building by the owner or person having control thereof for the illegal purpose is a misdemeanor, whether the building was or was not used; citing 1 Bish. New. Crim. Law, § 1090. No question is made of the cogency of this contention, but this indictment is not brought to punish the defendant for a common-law misdemeanor, but for the statutory offence of aiding in the maintenance of a nuisance.

The defendant's demurrer to each count of the indictment is therefore sustained, and the case is remitted to the Superior Court with direction to quash the indictment.

*William B. Greenough*, attorney-general, for State.
*Clarence A. Aldrich and Herbert A. Rice*, for defendant.