STATE OF IOWA, Appellee, v. JOE HYDUCK, Appellant.

No. 40326.

JUNE 23, 1930.

*Everett & Miller* and *McCoy & McCoy*, for appellant.

*John Fletcher*, Attorney-general, and *Frank A. Nichols*, County Attorney, for appellee.

MORLING, C. J.—On the submission of this cause, the attorney-general of Iowa, in open court, admitted error on the trial below, and consented that the judgment entered by the trial court should be reversed. Notwithstanding the confession of error by the State, we have examined the record, especially with respect to the matters admitted by the State as constituting reversible error.

It is only necessary to say that the defendant demurred to

the indictment. The demurrer was sustained. The court did not order resubmission to the grand jury. The county attorney made application for permission to amend the indictment, but did not serve the application or a copy of the proposed amendment upon the defendant or his attorney, or give defendant opportunity to resist the same, as required by Section 13745, Code, 1927. Defendant moved to strike the amendment. His motion was denied. Whether, under proper circumstances, a defendant who files motion to strike may, in the particular case, be said to have had opportunity to resist the application, we do not determine. The State's confession of error in this case is well grounded, and renders it unnecessary to consider further complaints made, or this one in further detail.—*Reversed.*

All the justices concur.

DE GRAFF, J. (concurring specially).—I concur with the majority of this court that the judgment entered in this cause should be reversed, but I prefer to base a reversal upon the brief point made by the appellant in his brief and argument to its full extent.

The primary brief point presented and argued by appellant is that the indictment returned by the grand jury of Monroe County, Iowa, against the defendant is void, in that said indictment does not charge the defendant with the crime of liquor nuisance, and, this being true, the court, upon application of the county attorney, erred in entering an order permitting an amendment to the said void indictment, whether or not notice was served by the county attorney on the defendant or his counsel.

The grand jury attempted, in the instant indictment, to accuse and charge the defendant of the crime of maintaining a liquor nuisance. (Section 1930, Code, 1927.) The essential and challenged portion of the indictment is that the defendant "did establish and use a building and place more particularly described * * *, with intent and for the purpose then and there to manufacture and to own and to keep for sale and to sell and otherwise dispose of—all in violation of law—intoxicating liquor." The indictment defines no crime, in that it does not charge that there were any intoxicating liquors had, possessed, or manufactured upon the premises described in the indictment. The charging of intent only is not enough. An intent to do an

act is not a crime, and it has several times been so determined and held by this court. A man's evil inclination or intentions are not *per se* in the catalogue of public offenses. The mere intent, inclination, or opportunity to commit a crime or to do a wrong is not an offense. In *State v. Thompson,* 133 Iowa 741, l.c. 744, it is said:

"Though having the propensity or disposition to commit crime and the opportunity to do so, the law of the country, to say nothing of the obligations to society, may well be presumed to deter citizens from its infraction, and surely the presumption of innocence should prevail until something more tangible than proof of the mere inclination to sin and the chance to commit it is forthcoming. * * * The doctrine that the unlawful thought or purpose alone is not enough is fundamental. The act must have followed. The two combined constitute crime. However evil a man's inclination or intentions even may be, they are not denounced as public offenses. Before they may be punished as such, they must have been carried out and evidenced by a prohibited act."

An unexecuted intent to violate the law amounts to no more than a thought. In other words, an intent unconnected with an overt act is not a crime. The indictment at bar charges simply that the defendant kept a place with an intent, etc.; and it is quite apparent that the accusation of an intent to use a building or place for the purpose specified in the indictment, unconnected with an alleged overt act, and unconnected with some preparation or outward manifestation for the doing of the ultimate act, does not constitute an allegation of the crime of nuisance.

A brief examination of the former decisions of this court announce this principle beyond peradventure of doubt. In *State v. Hass,* 22 Iowa 193, the defendant was charged in the indictment, under Section 1564, Code Revision 1860 (Section 1930, Code, 1927), with using and keeping a place or grocery for the purpose of selling intoxicating liquors. It is said:

"The indictment does not allege that he sold liquors, nor that he had them in his grocery with intent to sell, but simply that he used and kept a *place* for the purpose of selling. This, without more, does not complete the offense, or amount to a vio-

lation of the law. It should appear, and thus be averred, that he either had sold liquors at the place mentioned, or kept them there for the purpose of selling. For this defect in the indictment a demurrer was filed, but overruled."

The trial court committed error, and the judgment entered was reversed. In *State v. Harris*, 27 Iowa 429, the principle is reaffirmed, and it is sufficient to quote one sentence from the opinion:

"If such a building is established for this purpose [keeping and selling intoxicating liquors] and the purpose is not carried into effect, that is no violation of Section 1564 [Section 1930, Code, 1927], upon which the indictment is framed."

To the same effect is the holding in *State v. Tierney*, 74 Iowa 237. See, also, *State v. Worden*, 27 R. I. 484 (63 Atl. 486); *Proctor v. State*, 15 Okla. Cr. 338 (176 Pac. 771); *Reed v. State*, 17 Okla. Cr. 714 (189 Pac. 1102); 1 Wharton's Criminal Law (11th Ed.) 197.

At this point it is material to inquire what course of procedure the defendant followed in the instant case. First, a demurrer to the indictment was filed, which made an issue of law. Section 13790, Code, 1927. The first two grounds on which said demurrer was based were stated in the language of the statute, to wit: (1) The indictment did not substantially conform to the requirements of the Code; and (2) the indictment contains matters which, if true, would constitute a legal defense or bar to the prosecution. If it is conceded that these statutory grounds are not applicable or sufficiently specific in character upon which to base a demurrer (see *State v. Boggs*, 166 Iowa 452), there was a third and specific ground alleged in the demurrer, to wit: That the indictment does not charge the crime of liquor nuisance, or any other crime. The trial court sustained the demurrer generally. The third ground was a sufficient ground, for the reason, as heretofore pointed out, that the indictment utterly failed to charge the defendant with a crime. The court, however, did not order the said cause to be resubmitted to the same or to another grand jury, as should have been done. The statute provides:

"If a demurrer is sustained on any other ground [than contained in Section 13796, matters constituting a legal defense or

bar to the indictment], the defendant must be discharged and his bail exonerated, if bail has been given, unless the court is of opinion, on good cause shown, that the objection can be remedied or avoided in another indictment, in which case the court may order the cause to be resubmitted to the same or another grand jury, and the defendant may be held in custody, if not at large on bail, in which case the undertaking given shall remain in force.'' Section 13797, Code, 1927.

The trial court did not discharge the defendant, nor was the cause resubmitted ''to the same or another grand jury.'' What was done at this time? After the ruling on the demurrer, the county attorney made application to the trial court for permission to file an amendment to the indictment, which privilege was granted, and an amendment was filed. This gives rise to the question raised by appellant in his brief point. Is a void indictment amendable under the statute, with or without notice to the defendant or his counsel? As a matter of fact, no notice was given to the defendant or his counsel of the proposed amendment, as required by statute, in order that an opportunity be afforded the defendant to resist said amendment. Section 13745, Code, 1927. See *State v. Bamsey,* 208 Iowa 802.

Upon the filing of the amendment, defendant moved to strike same. The motion was overruled. It should have been sustained, and for the reason that a void indictment, in the sense that it charges no crime, cannot be amended. A court cannot, through the application of the prosecutor, order or permit an amendment to an indictment that does not charge a crime. The court has but one function to perform under such circumstances, and that is to resubmit the cause to the same or another grand jury, or discharge the defendant. Here, the indictment by the grand jury, in the first instance, charged no offense. The indictment, therefore, as said by the Supreme Court of Massachusetts, in *Commonwealth v. Cooper,* 264 Mass. 378 (162 N. E. 733), was ''a piece of waste paper, so far as concerned the charge of any crime;'' and it was held that ''the motion to amend the indictment ought not to have been allowed, and that the motion in arrest of judgment ought to have been granted.'' See, also, *People v. Donovan,* 228 Mich. 149 (199 N. W. 620) ; *State v. Lamb,* 81 N. J. Law 234 (80 Atl. 111). At common law, it is beyond ques-

tion that, in the English courts, indictments could not be amended. *Ex Parte Bain*, 121 U. S. 1 (30 L. Ed. 849).

Our system of criminal jurisprudence recognizes and retains a grand jury, but the statute recognizes that amendments to indictments, under certain conditions, may be made. Sections 13744–13747, Code, 1927. The statutes on amendments, however, do not contemplate or recognize that an indictment void for the reason that no crime is charged therein can be amended on an order by the trial court, based on an application by the county attorney. See *State v. Mullen*, 151 Iowa 392.

It may be stated that, after the rulings of the trial court on the matters heretofore mentioned, the defendant was tried before a jury, and, upon a verdict of guilty, judgment was entered. The defendant filed motion for a new trial, and in arrest of judgment, based, *inter alia*, upon the grounds which are involved in the rulings of the court on motions to which reference has been made herein. Proper exceptions were taken. The trial court committed error, and the judgment entered is reversed.