## THE STATE v. SPURBECK ET AL.

1. **Criminal Law**: CHANGE OF VENUE.  The granting of a change of venue in a criminal case rests within the discretion of the court, which will be reviewed only when shown to have been abused.

2. ———: NUISANCE: PLEADING.  It is competent to charge in one indictment the various acts enumerated in section 4091 as constituting a nuisance.

3. **Practice**: CONTINUANCE: DILIGENCE.  A continuance will not be granted on account of the absence of a witness, unless it be shown that reasonable diligence was exercised to procure his testimony.

4. ———: EVIDENCE.  The admission of improper evidence which is afterward withdrawn by the court from the consideration of the jury does not constitute error justifying a reversal.

*Appeal from Bremer District Court.*

WEDNESDAY, DECEMBER 6.

ON the 14th day of November, 1874, an indictment was presented against the defendants, accusing them of the crime

of nuisance, committed as follows: "That on the first day of January, 1874, and other days, the defendants did, in the county of Bremer, use, occupy and continue a certain house, in which drunkenness, quarreling, fighting, breaches of the peace, gambling, prostitution and lewdness were carried on, and which was knowingly permitted by said defendants; said house being a house of ill fame, kept for the purpose of prostitution and lewdness."

On the 27th of January, the defendants filed a petition, supported by affidavit, asking that the venue be changed, upon the alleged ground of the prejudice of the judge. This motion was overruled. The defendants then filed a demurrer to the indictment, which was overruled. Afterward, at the May term of the court, the defendants filed a motion for continuance, on the ground of the absence of a material witness, one Mathias Buckmaster. This motion was overruled. At the same term the cause was tried, and the defendants were found guilty. Judgment was rendered against each of the defendants for a fine of $100 and the costs of prosecution. The defendants appeal.

*G. C. Wright*, for appellants.

*M. E. Cutts*, Attorney General, for the State.

DAY, J.—I. The petition for a change of venue in a criminal case is addressed to the sound discretion of the court. Code, Sec. 4374. The record discloses nothing to show an abuse of this discretion.

1. CRIMINAL law: change of venue.

II. The demurrer to the indictment is upon the ground that it charges more than one offense. The indictment is found under section 4091 of the Code. The offense charged is nuisance. It is competent to allege the various acts which go to make up this offense. See *State v. Dean & Nealy, ante*, p. 648.

2. ——: nuisance: pleading.

III. The defendants moved for a continuance, on the ground of the absence of Mathias Buckmaster, and they filed an affidavit showing that his testimony would be material. We think, however, that the affidavits

3. PRACTICE: continuance: diligence.

do not show the employment of reasonable diligence to procure his testimony.

The affidavits show that Buckmaster, soon after the finding of the indictment, went to the Wisconsin pineries, and that his postoffice address was not learned for some time. But it does appear that defendants' attorney ascertained the address of Buckmaster about the 20th of March, 1875; that he then wrote to Buckmaster, and requested him to furnish the name of a notary public, or of the clerk of the court; that he waited until the 18th of April, almost one month, for a reply; that he then forwarded a notice to the district attorney, asking him to accept service, and that the notice was returned without acceptance; that he afterward accepted service, and a commission issued on the 29th of April.

We think the testimony of Buckmaster might have been obtained by the employment of reasonable diligence. The waiting nearly a month for Buckmaster to name a clerk or notary, was not such diligence. At least it was sufficient to justify the court in overruling the motion for a continuance.

IV. The court, against the defendants' objection, admitted evidence of the reputation of the house. But, afterward, the 4. ——: evidence. court withdrew all evidence of reputation from the consideration of the jury. The admitting of the evidence, therefore, does not constitute error for which the cause can be reversed.

V. It is claimed that the evidence does not support the verdict. The evidence is not of a very full and satisfactory character. Still we are of opinion that it does not warrant our disturbing the verdict.

AFFIRMED.