THE STATE OF IOWA, Appellee, v. GEORGE PAUL, Appellant. '

1. **Trespass**: INDICTMENT : DUPLICITY. An indictment for trespass that charged the accused with cutting down and carrying away growing trees from two separate tracts of land, the property of persons named, is not bad as charging two separate offenses, if the cutting upon both tracts was a single transaction.

2.	———— : ———— : ————. Neither is such indictment subject to the charge of duplicity, under Code, section 3983, because it alleges that the accused both cut *and* carried away trees from said land, if the cutting and carrying away were parts of the same transaction.

3.	———— : ———— : OWNERSHIP OF LAND. In such an indictment an allegation, that the land described belonged to the "Estate and heirs of Madison Young, deceased," sufficiently alleges the ownership of said land.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, JANUARY 21, 1891.

INDICTMENT for wilful trespass on land of another. The charging part of the indictment, as set out in the abstract, is as follows : "The said George Paul, on the twentieth day of December, 1888, in the county aforesaid, did then and there wrongfully, unlawfully and wilfully cut down a large number of standing and growing trees, the exact number thereof being to the grand jury unknown, the same then and there being the property of another or others, to-wit, the property of the heirs of one Madison Young, deceased, the same being then and there standing and growing upon the land belonging to the estate of said Madison Young, deceased, and to the said heirs of said estate, the said land on which said trees were standing and growing being described as follows, to-wit : 'The southwest quarter of the northeast quarter of section number twenty-two (22), and the southeast quarter of the northwest quarter of section number twenty-six (26), and lots number four (4), five (5) and six (6), in section number twenty-six (26), all being in township number eighty-seven (87), range number twenty-seven (27), west principal meridian, Webster county, Iowa.'" And, as descriptive of the offense charged, it is alleged that he, "the said defendant, did then and there carry and haul away from said premises the said trees and timber so cut down as aforesaid, which said trees and timber were then and there the property of said estate, and of the value of more than two

hundred dollars ($200), the exact value thereof being to the grand jury unknown, and that the same was cut down without the consent of the owners of said land, or said trees."

*R. M. Wright*, for appellant.

*John Y. Stone*, Attorney General, and *C. H. More*, for the State.

GIVEN, J.—I. It will be observed that the two forty-acre tracts from which it is charged trees were cut and taken are in different sections, and not contiguous. Appellant claims that cutting trees on each constitutes separate offenses, and, therefore, the indictment charges two offenses. If cutting the trees was but one transaction, then it constitutes but one offense. That it was upon different tracts of land does not make it separate offenses, any more than the cutting of each tree was a separate offense. If, in point of time and circumstances, the cutting was done as a single act, then it is but one offense. The charge, fairly construed, is that, at a single time and as a single act, the defendant cut down trees growing on the land described.

1. TRESPASS: indictment: duplicity.

II. Section 3983 of the Code provides: "If any person commit any trespass by cutting down or destroying any timber or wood standing or growing on the land of another, or by carrying away timber or wood being on such land, * * * he shall be punished," etc. Under this statute the offense may consist in wilfully cutting, or wilfully destroying or wilfully carrying away, but it does not follow that a single trespass may not be committed by cutting, destroying and carrying away. To cut without destroying or carrying away is an offense; so to destroy without carrying away, or to carry away without cutting. It is none the less a single offense if, as one transaction, the accused both cut and carried away, as is charged in this indictment.

2. THE same.

III.   Appellant contends that the indictment fails to give the names of the owners of the land on which the trespass is alleged to have been com-

3. ──:──: ownership of land. mitted.   The lands are described as belonging to the estate and heirs of Madison Young, deceased.   It is argued that, as it does not appear whether Madison Young died testate or not, we cannot say but that one tract belonged to one heir, another to another, and so on, each tract having a separate owner.   No such inference is warranted.   The statement is that it belongs to the estate and heirs, which precludes the inference of separate ownership.

We do not discover any errors in the proceedings of the district court, and its judgment is, therefore, AFFIRMED.