ACKLEY v. UNITED STATES.†

(Circuit Court of Appeals, Eighth Circuit.   October 14, 1912.)

No. 3,740.

1. INDICTMENT AND INFORMATION (§§ 72, 110*)—STATUTORY CRIMES—USE OF CONJUNCTIONS—"AND"—"OR."

An indictment for a statutory crime unknown to the common law must follow the statute creating the offense, except that if the statute denounces several things as a crime, connected in the statute by the disjunctive "or," the indictment must connect them by the conjunctive "and," before evidence can be admitted as to more than one act.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 195–199, 289–294; Dec. Dig. §§ 72, 110.*]

2. INDICTMENT AND INFORMATION (§ 125*)—SEVERAL ACTS—DUPLICITY.

Where a statute creating an offense enumerates several things by use of the disjunctive "or," an indictment charging two or more of the acts, joined with the conjunctive "and," is not bad for duplicity, and a conviction may be had on proof of guilt of either act.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

3. INDICTMENT AND INFORMATION (§ 110*)—COMMON-LAW CRIME—STATUTE.

Where a common-law crime is denounced by name only in a statute, an indictment therefor must contain averments covering the common-law ingredients; but if the crime is statutory, the indictment is sufficient if the averments are in the language of the statute, unless generic or general or common-law terms are used, when the indictment must be so

---

specific that a defendant of ordinary understanding may comprehend what is charged..

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

4. POST OFFICE (§ 48*)—MISUSE OF MAILS—ARTICLES TO PREVENT CONCEPTION.
An indictment for wrongfully sending through the mails matter intended to inform where articles designed to prevent conception might be obtained charged that a post office inspector wrote a decoy letter in the name of a female to defendant, a physician, asking for a remedy to keep her from getting in a family way, to which defendant replied by sending through the mail a pamphlet advertising defendant's "Ladies' Syringe" and "Sanitary Powder," and in reply to another decoy letter, inclosing a money order and asking where, how, and from whom such articles could be obtained, by letter sent through the mails stated that he was sending to the alleged customer's address by express one of such syringes and a package of the powders, and giving her directions as to how they should be used, and that further purchases of the powders could be sent by mail. Held to sufficiently allege that defendant furnished information by the use of the mails as to where the article designed to prevent conception could be obtained, viz., at defendant's office, and how, viz., that the same could be sent by express or mail.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 66–80; Dec. Dig. § 48.*]

5. POST OFFICE (§ 31*)—MISUSE OF MAILS—PREVENTION OF CONCEPTION—INFORMATION—STATUTES.
Penal Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (U. S. Comp. St. Supp. 1911, p. 1651), prohibits the mailing of any letter or circular giving information as to where and how any article or thing intended or designed to prevent conception may be obtained, and declares that every article or thing adapted or described in manner calculated to lead another to use it for preventing conception is unlawful. Held, that the sending of information with reference to an article, which is calculated to lead another to use it for such purpose, is unlawful, though the article itself may be of legitimate use, and in fact may not prevent conception.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

6. CRIMINAL LAW (§§ 72, 508*)—"ACCESSORY"—PERSUASION TO COMMIT CRIME.
One who persuades another to commit a crime is an "accessory," and where he testifies as a witness his testimony is to be weighed accordingly.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 89, 90, 1099–1123; Dec. Dig. §§ 72, 508.*

For other definitions, see Words and Phrases, vol. 1, pp. 59–62; vol. 8, p. 7560.]

7. POST OFFICE (§ 31*)—MISUSE OF MAILS—DECOY LETTERS.
Where post office inspectors, from a pamphlet sent out by defendant, a physician, describing him as "woman's doctor," "woman's friend," and advertising "woman's syringes," "woman's antiseptic germ killing powders" and reciting that consultations could only be had at defendant's offices, and that syringes were sent by freight only, were led to believe that defendant was engaged in giving information as to where and from whom articles designed to prevent conception could be secured, in violation of Penal Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (U. S. Comp. St. Supp. 1911, p. 1651), defendant could not object that he was induced to commit the crime of sending such information through the mail by decoy letters written to him by a post office inspector.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**8. POST OFFICE (§ 31*)—MISUSE OF MAILS—INDICTMENT.**

Where defendant was charged with wrongfully using the mails to send information as to the purchase of articles designed to prevent conception, it was not material whether the inducement to defendant's mailing such alleged unlawful information was sent to him by mail or otherwise.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*]

**9. POST OFFICE (§ 31*)—MISUSE OF MAILS—ELEMENTS OF OFFENSE.**

In a prosecution for sending illegal information through the mails, in violation of Penal Code (Act March 4, 1909, c. 321) § 211, 35 Stat. 1129 (U. S. Comp. St. Supp. 1911, p. 1651), the offense is complete on proof of the deposit of the nonmailable matter in the mails, without evidence that it was ever delivered to the addressee or any other person.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 50, 52; Dec. Dig. § 31.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the Western District of Missouri; John C. Pollock, Judge.

Foster E. Ackley was convicted of sending through the mail a letter informing the addressee where she could purchase articles designed, adapted, and intended to prevent conception, and he brings error. Affirmed.

W. W. Calvin, of Kansas City, Mo., for plaintiff in error.

Leslie J. Lyons, U. S. Atty., of Kansas City, Mo. (Hugh C. Smith and Thad. B. Landon, Asst. U. S. Attys., both of Kansas City, Mo., on the brief), for the United States.

Before SANBORN and HOOK, Circuit Judges, and McPHER-SON, District Judge.

SMITH McPHERSON, District Judge. The plaintiff in error, Foster E. Ackley, was indicted for furnishing information where and from whom articles could be obtained which would prevent conception. The indictment was in four counts; trial resulting in acquittals under all but the second count. The second count charges that the defendant for many years had been a practicing physician at Kansas City, Mo., advertising his profession in the papers of that city, which circulated in various parts of the country. George A. Leonard, a post office inspector, caused to be sent to the defendant at his business address in Kansas City, by means of the United States mail, posted in Arkansas City, Kan., a letter of date December 5, 1910, purporting to have been written by Mary Eichenoner. After stating that the writer had seen his advertisements the letter recites:

"I am writing you to know whether you have a remedy that will keep me from getting in a family way. If you have such a remedy or can tell me where to get it I will be very grateful to you. Please send your reply in a plain envelope.

"Yours truly,                                     Mary Eichenoner."

Two days thereafter, at Kansas City, Mo., the defendant, in response to the letter referred to, deposited in the United States post

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

office at Kansas City, Mo., for mailing and delivery through the post office establishment of the United States, an envelope, addressed to the said Mary Eichenoner at Arkansas City, Kan., which envelope contained a printed book or pamphlet and advertisements describing the "Ackley Ladies' Syringe" and "Dr. Ackley's Sanitary Powder." This pamphlet has a picture of a woman standing by a door, as if about to open the same, above which is printed in large letters, "The Door to Health," and below it the words: ·

"Open It! Dr. F. E. Ackley, the Woman's Doctor, 318 Junction Building, Kansas City, Mo."

On the back of the pamphlet is a picture of an image, entitled "Billiken—the god of things as they ought to be." Below this image are the words:

"A new lease of life is granted to womankind who use the Ackley Ladies' Syringe and Dr. Ackley's Sanitary Powder."

This count also charges that February 20, 1911, the said Leonard, post office inspector, did address another letter at Arkansas City, Kan., requesting further information as to where, how, and from whom, and by what means articles and things designed, adapted, and intended for the preventing of conception might be obtained. This letter is as follows:

"Arkansas City, Kansas, Feb. 20, 1911.

"Dr. Ackley, Kansas City, Mo.—Dear Doctor: In December I wrote to you to get a remedy that would keep me from getting in a family way, and your reply was to send me a little book describing a syringe and some powders. Now which of these you think is best for that use I don't know, I am sure, but am sending you a money order for $3.50 to pay for the syringe, but if you have any other remedy that is better than the syringe, send me $3.50 worth of that.

"Yours truly,                                        Mary Eichenoner,
                                                                "R. F. D. No. 6."

The indictment further alleges that February 27, 1911, at Kansas City, Mo., defendant deposited in the United States post office another letter addressed to the said Mary Eichenoner, Arkansas City, Kăn., which letter is as follows:

"Dr. F. E. Ackley, Diseases of Women, 318 Junction Building,
                                                Kansas City, Mo.
                                                                                Feb. 27, 1911. ·

"Mary Eichenoner, Arkansas City, Kansas—Dear Madame: In reply to your favor of the 20th, enclosing remittance of $3.50, will say that I am sending to your address, by to-day's Pacific Express Company, one of my patented ladies' syringes, as per your request. In the package sent I enclosed two sample packages of my Sanitary Powder, which I will kindly ask you to try and I am confident that you will be more than pleased with the results. You will find directions on the·small packages as to how to use this powder. Only instead of following the directions as given on the package, I want you to use a teaspoonful of the powder to 8 oz. or one-half pint of water (which is the amount the bulb of my syringe will hold), instead of one quart of water as directed on the package. The directions on the packages are intended for use when my powder is used with some other kind of syringe besides my own. Study directions for use of my syringe thoroughly and by so doing you will find it very simple and easy

to understand. Should you desire the powder I can send it to you by mail at any time. The large full size boxes cost $1.00 each.
       "Very truly yours,                    [Signed]   Dr. F. E. Ackley."

In addition there was an allegation that defendant did by such circular and letter carried through the mails furnish information where a prevention against conception could be procured. But much of the indictment we omit as not being material. The defendant filed against the indictment a demurrer, and likewise a motion in arrest of judgment after verdict, substantially on the ground that the indictment fails to state the crime.

[1, 2] This particular offense was not known at common law. Being a statutory crime, the indictment must follow the statute creating the offense. The exception is that, if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive "or," the pleader must connect them by the conjunctive "and" before evidence can be admitted as to more than the one act. To recite that the defendant did the one thing *or* another makes the indictment bad for uncertainty. To charge the one thing *and* another does not render the indictment bad for duplicity, and a conviction follows if the testimony shows the defendant to be guilty of either the one *or* the other thing charged. State v. Dean, 44 Iowa, 648; State v. Spurbeck, 44 Iowa, 667; State v. Paul, 81 Iowa, 596, 47 N. W. 773.

[3] If the crime charged existed at common law, and is denounced by name only by statute, then the indictment must contain averments covering the common-law ingredients. If the crime is statutory, the indictment is sufficient if the averments are in the language of the statute, unless generic or general or common-law terms are used, in which case the indictment must be more specific, so that a defendant of ordinary understanding may comprehend what is charged. Armour Packing Company v. United States (C. C. A. 8th Circuit), 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400 (affirmed in 209 U. S. 56, 28 Sup. Ct. 428, 52 L. Ed. 681); Pounds v. United States, 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62; Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830; Cannon v. United States, 116 U. S. 55, 78, 6 Sup. Ct. 278, 29 L. Ed. 561. It can be truly said that this indictment is not a model for either brevity or terseness or exactness of statement. Instead of using the words of the statute, in some instances the pleader has used alleged synonyms, reciting things not in the statute, omitting others, and using alleged substitutes.

[4] It is contended that there is no allegation that the defendant sent the circular or pamphlet as furnishing information where the articles and things designed to prevent conception might be obtained. We think the proper construction of that allegation is that it was so charged. The indictment alleges that the defendant did, in response to the letter of the inspector of December 5, 1910, mail the circular. The second letter, which was written February 20, 1911, by the inspector, reminded the defendant that there had been no reply to the

first letter, other than to send the pamphlet describing the syringe and powders. That letter recites:

"In December I wrote to you to get a remedy that would keep me from getting in a family way, and your reply was to send me a little book describing a syringe and some powders. Now which of these you think is best for that use I don't know."

Thereupon the defendant, under date of February 27, 1911, sent through the mails his letter, reciting:

"In reply to your favor of the 20th, enclosing remittance of $3.50, will say that I am sending to your address, by to-day's Pacific Express Company, one of my patented ladies' syringes, as per your request."

The letter further recites that he is sending two sample packages of his sanitary powder, and asking her to try them and that the defendant is confident that the party will be more than pleased with the result. Then the letter directs her how to use the powders, and in what solution, and asked for a careful study as to the use of the syringe, and that if she wants the powder he can send it to her by mail at any time. The indictment alleges that this letter thus sent through the mail contained the information as to where, how, and from whom the means of preventing conception might be obtained.

[5] We think the pamphlet or circular, and defendant's letter of February 27th, construed by the inspector's letter of February 20th, all taken together, were for the specific purpose of conveying information as to where the appliances could be had, namely, at defendant's office, and that the same could be sent by express and by mail to the party asking for such information. The statute is (section 211, Penal Code):

"Every article or thing adapted * * * described in manner calculated to lead another to use it for preventing conception" is unlawful.

The article may be of legitimate use. It in fact may not prevent conception. But if it is calculated to lead another to use it for such purpose it is unlawful. And that is what defendant meant when he wrote his letter, and when he sent it with the circular through the mail. When a witness in his own behalf he refused on cross-examination to say he had any other purpose.

[6, 7] Complaint is made by counsel for appellant by reason of the fact that the letters by Leonard, the inspector, to defendant were under the assumed name of a woman, but for which the pamphlet and defendant's letters would not have been mailed. A party who persuades another to commit a crime is an accessory, and as a witness is to be considered as such, and his testimony weighed accordingly. But when officers, or even a private citizen desirous of enforcing the laws, believes from general information, and as in this case, from the pamphlet reciting "Woman's Doctor," "Woman's Friend," "Woman's Syringes," "Woman's Antiseptic Germ Killing Powders," "Consultations only at my offices," "Syringes sent by freight only," then the officer had the legal, as he had the moral, right to send "decoy letters." It is now too late to complain of decoy letters in such a case. Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471;

Price v. United States, 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; Rosen v. United States, 161 U. S. 30, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Grimm v. United States, 156 U. S. 605, 15 Sup. Ct. 470, 39 L. Ed. 550; Shepard v. United States (C. C. A. 8th Circuit) 160 Fed. 584, 87 C. C. A. 486.

[8] It is contended that nothing is taken by intendment, and that the allegation is that one letter was written by the inspector in the name of the woman to the defendant, and that Leonard "did address" the same to defendant, without alleging that the same was sent through the mails. This is in no way material. It is of no importance whether that letter was sent by mail, or messenger. The charge is that defendant wrongly used the mails, and the letter of Leonard is of importance only as an aid in interpreting the reply sent by defendant through the mail. The indictment does not specifically charge that defendant apprised the supposed woman where the articles "might be obtained." But we hold that the charge warrants the construction only that defendant was charged with imparting the information where the same might be obtained, viz., at his office from him. Grimm v. United States, 156 U. S. 605, 15 Sup. Ct. 470, 39 L. Ed. 550 (affirming [D. C.] 50 Fed. 528).

[9] It is contended that there is no allegation that the letter of February 27, 1911, was delivered to the supposed woman, or to any other person. The allegation is that defendant deposited the letter in the Kansas City post office, addressed to Mary Eichenoner at Arkansas City, Kan., and that the same was thus mailed for delivery. It is the deposit for mailing that constitutes the offense, and when that is done the offense is complete. Scott v. United States, 172 U. S. 343, 19 Sup. Ct. 209, 43 L. Ed. 471. Taking the indictment as a whole, and disregarding form, imperfection of statement, and unimportant defects, which do not reasonably tend to the prejudice of the accused, no error was committed in overruling the demurrer, or the motion in arrest. Such is the correct rule. Clement v. U. S., 149 Fed. 305, 79 C. C. A. 243, and Brown v. U. S., 143 Fed. 60, 74 C. C. A. 214, both decisions by this court. See, also, May v. United States, 199 Fed. Rep. 53, decided by this court August 19, 1912.

Other matters covered by the assignments of error are exceedingly technical and without merit. Our holdings are that the indictment is sufficient and charges an offense. The defendant had a fair trial, the evidence is conclusive of his guilt, and he has no just cause of complaint as against either the verdict or judgment.

The judgment of the district court is affirmed.