## UNITED STATES v. SOON.

Third Division.  Juneau.·  July 10, 1925.

No. 1746–B.

1. **Customs Duties** ⊚➾134—Indictment Charging Receiving of Narcotics after Importation Sufficient.

Indictment charging accused with feloniously receiving narcotics after importation, knowing that they had been unlawfully imported, *held* sufficient, both as respects charge of illegal importation and as to knowledge thereof.

⊚➾See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Indictment and Information ⊂⇒110(3), 125(19)—Following Statute in Conjunctive Form Sufficient—Not Duplicitous.**

>Where an indictment charges a crime unknown to the common law and follows the statute in conjunctive form, it is sufficient. It is well settled that, when an offense against a criminal statute may be committed in one or more of several ways, the indictment may, in a single count, charge the commission in any or all of the ways specified by the statute; it is not duplicitous.

A. G. Shoup, U. S. Atty., of San Jose, Cal.

H. L. Faulkner and R. E. Robertson, both of Juneau, for defendant.

REED, District Judge. I have considered the demurrer to the indictment herein, and am of the opinion that the same should be overruled.

The first count of the indictment, while not as full and specific in its charging part as might be considered consistent with good pleading, falls directly within the decision of our Circuit Court of Appeals in the case of Wong Lung Sing v. United States, 3 F. (2d) 780. The charging part of the indictment in this case is the same as in that case, and the same was upheld by the Circuit Court of Appeals as being sufficient.

The second count of the indictment charges that the defendant "did purchase, sell, dispense, and distribute 15 grains of yen shee and 16 ounces of yen shee water, then and there being a derivative of smoking opium, and which were not then and there in the original stamped packages, nor were they taken from the original stamped packages; he, the said Leon Soon, being then and there required to register under the terms of the Act of Congress of December 17, 1914, as amended." The demurrer to this count is that the count does not state facts sufficient to constitute a crime, does not conform to the requirements of chapter 7, title 15, Code of Criminal Procedure, charges more than one crime, and not in one form only.

The indictment is sufficient, in that it charges a violation of subdivision 3 of section 1 of the Act of December 17, 1914, as amended by Act Feb. 24, 1919, § 1006, and re-enacted November 23, 1921, providing:

>"That it shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs (referring to opium and its compounds or derivatives) except in the original stamped packages

or from the original stamped packages." Section 1005 (26 USCA § 692 [U. S. Comp. St. § 6287g]).

The charge is direct and certain, and a person of common understanding would know that it is intended to charge a violation of the section referred to. The indictment charges a crime unknown to the common law, and follows the statute in conjunctive form. It is well settled that when an offense against a criminal statute may be committed in one or more of several ways, the indictment may, in a single count; charge the commission in any or all of the ways specified by the statute. It does not appear to me that the count of this indictment is duplicitous. See Simpson v. U. S. (C. C. A.) 229 F. 940; Ackley v. U. S. (C. C. A.) 200 F. 217; 31 Cyc. 764.