## POFFENBARGER v. UNITED STATES.*

Circuit Court of. Appeals, Eighth Circuit.
June 10, 1927.

No. 7134.

1. **Post office** ⊝⟿48(6)—**Indictment for abstracting mail from mail bag held sufficient (Criminal Code, § 194 [Comp. St. § 10364]).**

An indictment charging defendant with having feloniously abstracted mail from certain mail bags specifically described by their numbers and also describing the packages abstracted with the names of the persons to whom addressed and stating the place and time of the alleged offense, *held* sufficient under Criminal Code, § 194 (Comp. St. § 10364).

2. **Indictment and information** ⊝⟿125(20)—**Crimes described in statute with disjunctive "or" may be charged in indictment connected by conjunctive "and."**

Where a statute describes several things, connected by the disjunctive "or," as each constituting a crime, more than one may be charged in the same count of an indictment connecting them by the conjunctive "and."

3. **Post office** ⊝⟿48(6)—**Ownership of mail abstracted from mail bags need not be alleged (Criminal Code, § 194 [Comp. St. § 10364]).**

In an indictment under Criminal Code, § 194 (Comp. St. § 10364), charging abstraction of mail from mail bags ownership of the bags need not be alleged.

4. **Indictment and information** ⊝⟿81(4)—**Erroneous designation of defendant's middle initial is not fatal to indictment.**

Erroneous insertion in indictment of middle initial in defendant's name is not fatal defect, where he is the person intended.

5. **Criminal law** ⊝⟿200(1)—**Stealing mail bags and abstracting their contents held separate offenses as regards plea of double jeopardy.**

Stealing mail bags and abstracting their contents constitute separate offenses and conviction of the first is not bar to prosecution for second.

6. **Criminal law** ⊝⟿195(1)—**Test of "double jeopardy" is whether defendant has been put in jeopardy for the same offense.**

The test of double jeopardy is whether defendant has been put in jeopardy for the same offense not whether he has been tried for the same act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jeopardy (in Criminal Law).]

7. **Indictment and information** ⊝⟿6—**Indictment may be returned in other division of district if transferred for trial to division where offense was committed (Judicial Code, § 53 [Comp. St. § 1035]).**

Indictment may be returned in other division of district if transferred for trial to division where offense was committed, in view of Judicial Code, § 53 (Comp. St. § 1035).

*Rehearing denied October 5, 1927.

8. **Criminal law** ⊝⟿576(8)—**Lapse of time between indictment and trial held not cause for reversal where speedy trial was not requested.**

Judgment is not reversible because of lapse of time between indictment and trial, where defendant did not ask for speedy trial.

9. **Criminal law** ⊝⟿995(6)—**Separate sentences to run consecutively may be imposed where sentence clearly so states.**

Separate sentences may be imposed under counts of an indictment to run consecutively, where the sentence clearly so states.

In Error to the District Court of the United States for the Southern District of Iowa.

Fred Poffenbarger was convicted of abstracting mail from a mail bag, and he brings error. Affirmed.

E. D. O'Sullivan, of Omaha, Neb. (W. N. Jamieson and C. J. Southard, both of Omaha, Neb., and J. J. Hess, of Council Bluffs, Iowa, on the brief); for plaintiff in error.

Frank Wilson, Asst. U. S. Atty., of Greenfield, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge. The defendant is charged by indictment returned on the 11th day of May, 1921, in the United States District Court for the Southern District of Iowa, Central Division, in four counts, with having unlawfully, willfully, and feloniously abstracted mail from certain mail bags specifically described and .numbered, each count describing a separate mail bag and reciting that the defendant unlawfully abstracted mail therefrom. The case was transferred to the Western Division of the Southern District of Iowa, where the defendant was tried on January 20, 1925, resulting in a conviction upon each of the four counts of the indictment. By writ of error, the case is brought to this court for review.

The facts are that the plaintiff in error, Fred Poffenbarger, and one Orville Phillips, about the 13th day of November, 1920, entered a mail car, which constituted a part of a United States mail train. Ten sacks of registered mail were thrown from the train along the right of way, after the train had left the Union Pacific transfer in Council Bluffs, Iowa, and before it had arrived at the Burlington ·depot in Council Bluffs, Iowa. According to a well-defined and prearranged plan, one Orville Phillips rode on the en-

gine, in order to maintain vigilance, and one Keith Collins had parked an automobile near the place where the mail bags were thrown from the train. After removing the sacks of mail from the train, plaintiff in error and Orville Phillips proceeded back to the place where the bags had been thrown and placed 5 of the sacks in the car driven by Collins. Plaintiff in error and Phillips later returned to the place where the sacks had been thrown, and carried those remaining to a nearby school house, where 3 or 4 were hidden, but one bag was taken to Poffenbarger's house. The latter bag was rifled, but little money was found. They later returned and got 2 or 3 pouches, which were carried to the residence of Poffenbarger, where they were rifled. Only about 30 or 40 dollars was obtained from these pouches, which sum was divided among those present. Later, the pouch in the schoolhouse was rifled, and a shipment of bonds which were perforated and marked void found. Everything they obtained in the way of bonds, securities, or correspondence was burned in a stove at the Poffenbarger home. Later that evening plaintiff in error went to the home of Keith Collins, where Collins exhibited to him a vast sum of money which he had obtained from the bags placed in his automobile. Plaintiff in error was given $20,000 in $10 bills. The bags thrown from the train contained valuable registered mail and $50,000 in cash. There was stolen in this robbery $500,000 worth of Liberty Bonds, which were negotiable and which have never been recovered.

On November 30, 1920, plaintiff in error was indicted in the Central Division of the Southern District of Iowa in six counts, the first five of which alleged that the said Fred Poffenbarger and one Orville Phillips did take, steal, and carry away one certain mail bag, describing the mail bag with great particularity. Count 6 of the indictment charged that Fred Poffenbarger and Orville Phillips did take, steal, and carry away five certain other mail bags. On the 3d day of December, 1920, the defendant entered a plea of guilty to the indictment. Sentence was imposed and he was imprisoned in the United States penitentiary at Leavenworth, Kan. At the expiration of five years of the sentence, plaintiff in error was released under a writ of habeas corpus because of error in the judgment imposing sentence. The indictment in the instant case charges the plaintiff in error with taking and abstracting from certain accurately described mail bags certain of the contents thereof, describing said contents so removed. [1] On January 30, 1925, plaintiff in error

filed a special demurrer, which was overruled by the court on that date. Thereafter, a plea of misnomer was filed, which was supported by affidavits of various witnesses, and to which an answer was filed by the defendant in error, which was likewise supported by affidavits. The plea of misnomer was overruled, and thereafter plea of former conviction was filed, to which a response was filed by the government. The latter plea was likewise overruled, and on January 20, 1925, the plaintiff in error was tried, at which trial, plaintiff in error refused to plead, and a plea of not guilty was entered for him by the court. After the trial, resulting in a conviction, a motion for a new trial was filed, which was overruled. On the same day a motion in arrest of judgment was filed, and was likewise overruled. Sentence was imposed upon plaintiff in error, which provided for his imprisonment in the United States penitentiary at Atlanta, Ga., for a period of five years on each of the four counts, said sentence to run consecutively.

The first specification of error assigned and presented for plaintiff in error is that the court erred in overruling the special demurrer. It is urged that the indictment fails in material allegations under section 194 of the Criminal Code of the United States (Comp. St. § 10364), which is as follows:

"Whoever shall steal, take, or abstract, or by fraud or deception obtain, from or out of any mail, post office, or station thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein, or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, or any article or thing contained therein, * * * shall be fined not more than two thousand dollars, or imprisoned not more than five years, or both."

It is contended that the special demurrer should have been sustained, because an offense has not been pleaded in the same or similar language to that contained in section 194 of the Criminal Code and that the offense was unknown to the common law and therefore conclusions, rather than facts, are pleaded; that there is no allegation of the fact as to who was the owner of the mail bags in question; that there is no allegation as to whether or not the mail bags in question were the property of the United States or under its custody or control, or that the mail bags in question were being transported or held as United States mail; and further that there is

not a sufficient allegation as to just where the crime was committed, it being alleged that the crime was committed at Council Bluffs, in the Western Division of the Southern District of Iowa; that the indictment is defective because it charged a number of offenses in each count and sought to connect, by the use of the conjunctive "and" for the disjunctive "or." We are unable to agree with the contention of counsel for plaintiff in error. The test of the indictment as to its sufficiency has been announced by this court in a number of well-reasoned opinions.

In the instant case, the indictment gave the defendant sufficient notice of the offense charged to enable him to prepare his defense. It is sufficiently clear in its allegations to enable the defendant to plead the same in bar of any subsequent prosecution for the same offense and amply informs the court of the facts alleged to enable the court to determine whether or not there are sufficient facts, if proven, to support a conviction. New York Central & Hudson River Ry. Co. v. United States, 212 U. S. 481, 497, 29 S. Ct. 304, 53 L. Ed. 613.

The indictment in this case states the date of the offense, the place where it is alleged to have been committed, and definitely describes the bags from which the contents were abstracted, said description being by their serial and rotary numbers. The contents are described, the person and place to which each was addressed being specified.

[2] In Ackley v. United States, 200 F. 217, this court said:

"This particular offense was not known at common law. Being a statutory crime, the indictment must follow the statute creating the offense. The exception is that, if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive 'or,' the pleader must connect them by the conjunctive 'and' before evidence can be admitted as to more than one act. To recite that the defendant did the one thing or another makes the indictment bad for uncertainty. To charge the one thing and another does not render the indictment bad for duplicity, and a conviction follows if the testimony shows the defendant to be guilty of either the one or the other thing charged." State v. Dean, 44 Iowa, 648; State v. Spurbeck, 44 Iowa, 667; State v. Paul, 81 Iowa, 596, 47 N. W. 773.

This is a complete answer to the objection raised by counsel for plaintiff in error as to the indictment containing two separate and distinct offenses in each count.

[3] It is further urged that the indictment is defective for want of an allegation that the mail bags in question were the property of the United States or in its custody or under its control. It is not necessary to allege in an indictment under this section of the Criminal Code to whom the property belonged. United States v. Falkenhainer (C. C.) 21 F. 627; Bowers v. United States (C. A.) 148 F. 379. In the indictment which is herein attacked, the registered packages abstracted from the mail bags were minutely described in counts 3, 4, and 5, as being taken from a mail bag which was particularly described.

[4] The next error complained of is that the court erred in overruling plaintiff in error's plea of misnomer. The indictment described the defendant as Fred A. Poffenbarger, when in fact, the affidavits filed in support of the plea establish the name of the defendant as Fred Poffenbarger and further that his father's name was Fred A. Poffenbarger. The record discloses that both plaintiff in error and his father, Fred A. Poffenbarger, were imprisoned in Leavenworth penitentiary under pleas of guilty for this mail robbery. It is contended that the insertion of the middle initial "A" was not the plaintiff in error's name, and that his plea should have been sustained. Affidavits of the United States attorney, who presented the case to the grand jury, and of the postal inspector, who made the investigation of the robbery and who appeared as a witness before the grand jury, which are contained in the record, are to the effect that the plaintiff in error was the person investigated and indicted by the grand jury. The indictment correctly sets forth the defendant's Christian name and it has been held that the law knows but one Christian name. Games v. Stiles, 14 Pet. 322, 327, 10 L. Ed. 476. See also, Cox v. Durham (C. C. A.) 128 F. 870. We are of the opinion that the insertion of a middle initial in the name of the defendant, in view of the uncontradicted evidence to the effect that the defendant tried and convicted was the true person investigated and indicted by the grand jury, is not fatal to the indictment. The reference to a middle initial, therefore, becomes unimportant, in the absence of a showing of prejudice to the defendant and that he was not the person indicted by the grand jury.

[5, 6] The next specification of error urged is that the plea of former conviction should not have been overruled. The indictment under which the defendant served five years in a federal penitentiary charged plaintiff in error with the stealing of 10 bags of mail,

5 identical bags being set out in the first five counts and the sixth count containing a charge that 5 certain other mail bags were stolen. In the case at bar, plaintiff in error is charged with taking and abstracting from certain mail bags, a part of the 10 which were in the original robbery, certain pieces of registered mail, which have been carefully described in the indictment. It is insisted that the taking of the mail bags and the abstracting of the contents of the bags constitute but one offense. We are unable to agree with this contention. The test of identity of the offenses when double jeopardy is claimed is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of the one transaction does not make a single offense where two are defined by the statute. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489. Additional evidence is required to substantiate and prove the charge of taking and abstracting the contents of the mail bags than was required to prove the offense of taking the bags from the mail train. We are of the opinion that the taking of the contents of the mail bags is a separate and distinct offense from the taking of the bags from the mail train. See Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153, and cases therein cited.

Error is assigned to the instruction of the court relative to a definition of the word "abstract." The record discloses that after the court had defined "abstract" an objection was interposed by counsel for plaintiff in error, upon which the trial court requested a definition from plaintiff in error's counsel. The record further discloses that counsel responded that he could not define it, and thus did not point out to the court wherein there was error. We do not see any merit in this assignment of error.

[7] Specifications of error Nos. 7 and 8 are that the motion for a directed verdict at the close of all the testimony and the motion in arrest of judgment should not have been overruled. The grounds for the motions are those set up and presented in the special demurrer and in addition thereto, the plea of former conviction, the plea of misnomer, the fact that the indictment was not transferred from the Central Division of the Southern District of Iowa to the Western Division of the Southern District of Iowa until after three years had expired, the suffi-ciency of the indictment and the sufficiency of the evidence. We do not see any merit in this contention, for the proof sufficiently connects the plaintiff in error with the charges contained in the indictment. Section 53 of the Judicial Code (Comp. St. § 1035) states that all prosecutions for crimes or offenses shall be had within the division of such district where the same were committed, unless the court or the judge thereof, upon the application of the defendant, shall order the cause to be transferred for prosecution to another division of the district. This section has been construed in Biggerstaff v. United States (C. C. A.) 260 F. 926. We are clearly of the opinion that indictments may be returned in divisions of the same district other than that in which the alleged offenses were committed, provided the indictment is moved to the proper division for trial.

[8] It is urged that the defendant has not been given a speedy trial, to which he is entitled under the Constitution of the United States. The record indicates that the defendant was indicted while in prison and was not brought to trial until after his release from the federal penitentiary. The record does not show a demand for a trial on the part of plaintiff in error, or that any resistance was made by plaintiff in error to a continuance of the case, or that anything was done upon his part to secure a speedy trial. It is our view that the defendant acquiesced in the postponement of his trial by not asking for a speedy trial. This court said in Phillips v. United States, 201 F. 259, 262: "We must presume that he [defendant] would have been granted an earlier trial if he had so asked." See Worthington v. United States (C. C. A.) 1 F.(2d) 154. We do not see how the defendant has been prejudiced by reason of the delay, and therefore, are unable to agree that the want of a speedy trial is grounds for a dismissal.

[9] Error is assigned to the judgment of the court and the imposition of the sentence, it being five years on each of the four counts, said imprisonment to run consecutively and not concurrently. The sentence is valid and is to be served consecutively in the same sequence as the counts appeared in the indictment. United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309.

It is contended that plaintiff in error's incarceration at the Atlanta, Ga., penitentiary is invalid. The record discloses that the Attorney General designated the Atlanta penitentiary as the one in which plaintiff in error should be confined. The Act of March 3, 1891, 26 Stat. 840, § 9 (Comp. St. § 10560),

gives the Attorney General authority to designate where prisoners shall be confined.

We are of the opinion, from the record in this case, that the defendant was accorded all rights guaranteed him under the Constitution and laws of the United States; that the evidence amply supports the verdict of the jury and that no prejudicial error was committed in the trial of the case.

Affirmed.