**McKEE et al. v. JOHNSTON, Warden.**

**No. 9876.**

Circuit Court of Appeals, Ninth Circuit.

Jan. 26, 1942.

Frank McKee and James Ryan, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The court below denied the appellants' petition for writ of habeas corpus and they bring this appeal before us for determination. The facts, applicable to both McKee and Ryan, are set forth in the opinion of this court in the case of McKee v. Johnston, Warden, 109 F.2d 273, wherein the same appellant McKee urged precisely the same question as is here presented. To support this second petition for writ of habeas corpus, petitioners presented to the court below, along with their petition, excerpts from the stenographer's report of the testimony taken at the trial as a result of which they were sentenced. This testimony purports to show that but three mail sacks were stolen at one time from their particular location, rather than six, as charged by the indictment. The appellants pleaded guilty to each of the counts under which they were convicted and there is no showing that the prosecution could not have proved the crimes alleged, which proof the pleas made unnecessary. Moreover, the transcript furnished purports to be no more than a partial transcript and, as appellants state that "after three days of trial [they] pleaded guilty on counts three to twelve inclusive," the trial may not have been completed at the time of the entry of the pleas of guilty.

It is worthy of note that the identical indictment withstood demurrer in the trial court and was upheld on appeal taken by one of appellants' co-defendants to the Circuit Court of Appeals for the Eighth Circuit after he had stood trial and been convicted. Touhy v. United States, 88 F.2d 930.

The contention urged by appellants is neither novel nor original; a similar assertion was made, and overruled, in Poffenbarger v. United States, 8 Cir., 20 F.2d 42, 45, where the court said: "It is insisted that the taking of the mail bags and the abstracting of the contents of the bags constitute but one offense. We are unable to agree with this contention. The test of identity of the offenses when double jeopardy is claimed is whether the same evidence is required to sustain them. * * * Additional evidence is required to substantiate and prove the charge of taking and abstracting the contents of the mail bags than

was required to prove the offense of taking the bags from the mail train. We are of the opinion that the taking of the contents of the mail bags is a separate and distinct offense from the taking of the bags from the mail train. * * *"

After confinement Poffenbarger petitioned for a writ of habeas corpus, which was denied him by the District Court, its opinion being reported in Poffenbarger v. Aderhold, 4 F.Supp. 542. He appealed, and the order of the District Court was upheld by the Circuit Court of Appeals of the Fifth Circuit, 67 F.2d 250, and certiorari was denied by the Supreme Court, 290 U.S. 703, 54 S.Ct. 375, 78 L.Ed. 604.

Aside from the fact that the authority of a case decided by a district court is not compelling in a Circuit Court of Appeals, it appears to us that the indictment referred to in Colson v. Johnston, Warden, D.C.Cal., 35 F.Supp. 317, called to our attention by appellants as supporting their cause, did not charge the abstraction of letters, etc., from the mail bags stolen, but simply designated the theft of each bag in a separate count.

We adhere to the views heretofore expressed in McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273, and, therefore, the order of the court below is

Affirmed.